19 F.3d 34
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Donald BIRKHOLZ, Sr., Donald Birkholz, Jr., Defendants-Appellants.
 No. 93-1391.
 United States Court of Appeals, Tenth Circuit.
 March 7, 1994.
 
 ORDER AND JUDGMENT[1]
 Before LOGAN, SETH and BARRETT, Circuit Judges.
 
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); Tenth Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Donald Birkholz, Sr. and Donald Birkholz, Jr., appearing pro se, appeal from the district court's order denying their motion to vacate or set aside their sentences pursuant to 28 U.S.C. 2255.
 
 
 3
 On January 29, 1992, the appellants waived indictment and on February 21, 1992, they entered guilty pleas to a one-count felony information charging them with violation of the mail fraud statute, 18 U.S.C. 1341. Donald Birkholz, Sr. was sentenced to 24 months imprisonment and three years of supervised release. Donald Birkholz, Jr. was sentenced to 27 months imprisonment and three years of supervised release. The defendants were also ordered to pay restitution in amount of $60,869.89.
 
 
 4
 On appeal, this court affirmed the defendants' conviction. This habeas corpus proceeding followed. In the district court, the appellants contended, just as they do here, that:
 
 
 5
 (1) They were represented by ineffective counsel in the person of Attorney Scott Robinson prior to and during the plea proceeding. Appellants argue that Robinson was made aware that their defense was keyed to five boxes of their documents which had bene seized and was then in the possession of the office of the Postal Inspector. Appellants assert that Mr. Robinson: did not review the documents; advised them that they would receive valuable merchandise back which had been seized by the government if they pled guilty; and that if they pled guilty they would "just be sentenced to probation anyway." The appellants contend that they pled guilty on the advice of counsel, although they insisted that they were innocent.
 
 
 6
 Following entry of their guilty leas and prior to sentencing, the appellants asked Robinson to file a motion to withdraw their pleas. They contend that Robinson informed them that he would file the motion only if they discharged him from the case. Thereafter, Robinson filed his motion to withdraw, citing appellants' desire to employ Attorney James Scherer as substitute counsel. The motion was granted.
 
 
 7
 (2) Attorney James Scherer was allowed only five days to familiarize himself with the case prior to the July 2, 1992, hearing on appellants' Motion to Withdraw Plea. Attorney Scott Robinson and appellants were available to testify at the hearing. However, appellants argue that Attorney Scherer "made only the most perfunctory effort at obtaining the relief sought," in that he offered no evidence even though the district court pointed out that " ... one of the factual assertions you've made is that each defendant entered into this agreement by mistake, and entered into the agreement with the understanding that they were likely to receive probation."
 
 
 8
 Appellants contend that Attorney Scherer's lack of preparation resulted in the denial of appellants' motion and that Scherer's assertion that the decision not to call witnesses had been concurred in by the appellants was false. Mr. Scherer's argument was that the appellants' lack of understanding at the plea proceeding was evidenced by statements the appellants had given to the probation officer.
 
 
 9
 Appellants assert that after the court denied their Motion to Withdraw Plea, the court proceeded immediately to sentencing and again Mr. Scherer presented no evidence. On direct appeal, appellants employed Attorney Martha K. Horwitz.
 
 
 10
 In the instant appeal, appellants have paid the filing fees and have requested that they be granted oral argument. That request is denied. In addition, by supplemental letter appellants have moved for the appointments of "adequate and effective counsel," leave to proceed in forma pauperis, and an extension of time to address the defense on the merits. These motions are likewise denied.
 
 
 11
 On appeal, appellants request that we remand to the district court with instructions to appoint counsel "whom can identify the issues and defend appellants" and "The allowance of previously retained [attorneys] to withdraw has left Appellants indigent and the lower court was well aware of the fact that it was intentionally depriving Appellants of adequate counsel."
 
 
 12
 We observe that although counsel for the appellants in the district court, Mr. Miller, cited and referred to the transcript of Change of Plea Hearing, that transcript is not part of the record on appeal. In the district court, the parties filed briefs relied upon by the district court, together with testimony given during an evidentiary hearing held on July 23, 1993. No transcript of that hearing has been made part of the record on appeal. In the district court's order of August 16, 1993, denying appellants' motion to vacate sentence, the court dismissed the case with prejudice "... for the reasons stated in open court at the conclusion of the hearing." (R., Vol. I, Tab 10).
 
 
 13
 We are unable to review the district court's findings of fact in this 28 U.S.C. 2255 proceeding because the transcript of the evidentiary hearing held on July 23, 1993, has not been certified as part of the record on appeal. This court's rule 10,1.1 provides that it is the appellant's responsibility to order and provide all portions of the transcript necessary to give the court of appeals a complete and accurate record of the proceedings insofar as such proceedings relate to the issues raised on appeal. See also Federal Rules of Appellate Procedure, Rule 10.
 
 
 14
 In order to overcome the strong presumption that counsel's conduct falls within the wide range of reasonableness, see Strickland v. Washington, 466 U.S. 668 (1984), a defendant must demonstrate that, but for the unprofessional conduct-performance of his counsel, there is a reasonable probability that the result would have been different. Id. at 694. See also United States v. Clouts, 966 F.2d 1366, 1370 (10th Cir.1992).
 
 
 15
 Here, appellants have wholly failed to demonstrate their allegations of ineffective assistance of counsel.
 
 
 16
 We AFFIRM.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470